**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SIMPLISAFE, INC., a Delaware Corporation, | |
| Plaintiff, | |
| v. | Civil Action No.: _____ |
| COVE SMART, LLC, a Delaware Limited Liability Company, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

Plaintiff SimpliSafe, Inc. ("SimpliSafe") for its complaint against Defendant Cove Smart, LLC ("Defendant"), hereby alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for false advertising and trademark infringement arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, for common law unfair competition, and for violations of the Utah Truth In Advertising Act (the "UTAA"), Utah Code § 13-11a-1 *et seq.*

2.      Defendant is engaged in an extensive, multi-faceted campaign to unfairly compete with SimpliSafe in the market for home security products and services, including through the dissemination of false and misleading advertisements and through a concerted effort to misappropriate SimpliSafe's commercial identity by making unauthorized use of SimpliSafe's trademarks, and by employing a variety of other unfair and deceptive practices.

3.      SimpliSafe seeks, among other things, injunctive relief to stop Defendant's false advertising, trademark infringement, unfair competition, and other unfair and deceptive practices; damages and/or disgorgement of Defendant's profits attributable to its infringing and deceptive

acts; exemplary damages; prejudgment interest; costs and attorneys' fees; and all other relief the Court deems just and proper.

## PARTIES

4.      Plaintiff SimpliSafe, Inc. is a Delaware corporation with its principal place of business at 294 Washington Street, 9th Floor, Boston, Massachusetts 02108.

5.      Defendant Cove Smart, LLC is a Delaware limited liability company with its principal place of business at 14015 Minuteman Drive, Draper, Utah 84020.  Upon information and belief, Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over SimpliSafe's federal claims relating to false advertising, trademark infringement, and false designation of origin under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

7.      This Court has supplemental jurisdiction over SimpliSafe's common law and state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to SimpliSafe's federal claims that they form a part of the same case or controversy.

8.      This Court has personal jurisdiction over Defendant because Defendant is incorporated in Delaware, and because Defendant has sufficient minimum contacts with this forum such that the exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

9.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) at least because Defendant resides in this District and is subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

**A.      SimpliSafe's Innovative Home Security Systems.**

10.      SimpliSafe is a leading provider of non-traditional, "do-it-yourself" (or "DIY") home security solutions.  SimpliSafe has since 2008 disrupted the home security industry by offering products and services that allow consumers to install custom, state-of-the-art home security systems on their own.  For more than a decade, SimpliSafe has built its reputation on high-quality, low-cost products and exceptional customer service.  Today, SIMPLISAFE is a trusted, reliable, and well-known brand in the home security space, and one of the pioneers and market leaders in the non-traditional/DIY home security space in particular.

11.      SimpliSafe customers choose from a variety of innovative products to create customized home security solutions.  SimpliSafe's products include wireless security cameras, motion sensors, entry sensors, glass-break sensors, water sensors, temperature sensors, smoke detectors, and carbon monoxide sensors, sirens, base stations, keypads, panic buttons, key fobs, smart locks and video doorbells.  New innovative products are regularly added to SimpliSafe's growing product line.

12.      SimpliSafe also offers optional, low-cost, no-contract service plans that include features such as 24/7 live alarm monitoring and environmental monitoring over a cellular and/or Wi-Fi connection.

13.      Since at least as early as 2008, SimpliSafe has continuously offered its goods and services under the trademark SIMPLISAFE (the "SIMPLISAFE Mark").

14.      Over the years, SimpliSafe has spent hundreds of millions of dollars advertising and promoting its goods and services under the SIMPLISAFE Mark.  As a result of SimpliSafe's longstanding, widespread, and continuous use, marketing and promotion of its products and

services under the SIMPLISAFE Mark, the SIMPLISAFE Mark is widely recognized as a designation of source for SimpliSafe's high-quality products and services.

15.     In addition to its robust common law rights in the SIMPLISAFE Mark, SimpliSafe owns the following registrations with the United States Patent and Trademark Office ("USPTO") (the "SIMPLISAFE Registrations"):

| Mark | Reg. Number | Goods / Services | First Use |
|------|-------------|------------------|-----------|
| SIMPLISAFE | 4,747,810 | Monitoring services for home security systems and alarms for security purposes | Dec. 19, 2008 |
| SIMPLISAFE | 4,865,515 | Base station units for controlling wireless home and personal security devices; wireless security devices, namely, key pads, electronic security sensors, panic buttons, security alarms, and remote activation devices; wireless home security systems; electronic glass break detectors; smoke detectors and CO detectors; electronic water sensors for detecting leaks and floods; electronic temperature/freeze sensors | Dec. 19, 2008 |
| SIMPLISAFE | 5,703,463 | Home and office automation systems comprising wireless and wired controllers, control devices, and software for security, safety and other home and office monitoring and control applications | Dec. 16, 2015 |
| SIMPLISAFE | 5,172,986 | Security video cameras | Aug. 3, 2016 |
| SimpliSafe | 5,598,489 | Wireless security devices, namely, security video cameras; Base station units for controlling wireless home and personal security devices; wireless security devices, namely, key pads, electronic security sensors, panic buttons, security alarms, and remote activation devices, namely, remote controls for wireless security systems; wireless home security systems, namely, base stations and wireless key pads sold as a unit for controlling wireless home and security devices; electronic glass break detectors; smoke detectors and carbon monoxide detectors; electronic water sensors for | Aug. 3, 2016 |

| Mark | Reg. Number | Goods / Services | First Use |
|------|-------------|------------------|-----------|
|  |  | detecting leaks and floods; electronic temperature/freeze sensors |  |

Printouts from the USPTO reflecting the current status of the SIMPLISAFE Registrations are attached at **Exhibit A**.

16.     The SIMPLISAFE Registrations are valid and subsisting, are in full force and effect, and constitute prima facie evidence of the validity of and SimpliSafe's exclusive right to use the relevant marks in commerce in the United States in connection with the goods and services specified in the registrations.

**B.     Defendant's Unlawful Acts.**

17.     Defendant is a recent entrant to the marketplace for non-traditional/DIY home security solutions.  In an effort to take a short-cut to the kind of market success enjoyed by industry pioneer SimpliSafe, Defendant has launched an extensive, multi-faceted campaign to unfairly compete with SimpliSafe.  These efforts include the dissemination of false and misleading advertisements, a concerted effort to misappropriate SimpliSafe's commercial identity by making unauthorized use of SimpliSafe's trademarks, and a variety of other unfair and deceptive practices.

18.     At the heart of Defendant's campaign is a web of false, misleading, and unsubstantiated advertising claims (collectively, the "Claims"), including without limitation the advertising claims described below.

19.     As detailed in Paragraphs 38 through 41 below, Cove has engaged in extensive search engine optimization ("SEO") efforts including purchasing "SimpliSafe" as a keyword.  As a result, when consumers search specifically for SimpliSafe, they are directed to a link that purports to "compare" Cove and SimpliSafe.  The linked webpage, which previously resided at URLs

including *https://security.covesmart.com/simplisafe/* and *https://security.covesmart.com/Cove-Simplisafe/,* contains numerous false and misleading comparative advertisements expressly directed at SimpliSafe.

20.    As depicted below, this webpage features the headline "The best SimpliSafe alternative available," and invites consumers to click on a downward facing arrow, which sends them scrolling through the remaining content.



21.    Defendant's declaration that its product is "the best SimpliSafe alternative available," together with an active invitation to view the content that follows, conveys to consumers that what follows is a comparison between Defendant and SimpliSafe.  In other words, Defendant conveys that SimpliSafe does not offer the features Defendant touts on this webpage, including without limitation:

- Live, 24/7 monitoring.

- An affordable home security solution.

- Monitoring services without a contract.

- Cutting, edge, reliable technology.

- Customizable systems.

- Next day shipment.

22.    These claims are literally false, as SimpliSafe does offer each of the above-listed features.

23.    The *covesmart.com* homepage contains additional literally false and misleading comparative advertisements.  On its homepage, Defendant invites consumers to use the following chart to compare Defendant to "Traditional Security" and "Other DIY Systems" (*e.g.*, SimpliSafe). A consumer who clicks on the hyperlinks in the chart encounters additional advertising claims and other information.

| | cove | Traditional Security† | Other DIY systems† |
|---|---|---|---|
| **Professional-grade protection** | ✓ | ✓ | ✗ |
| **Low upfront cost** | ✓ | ✓ | ✗ |
| **Low monthly cost** | ✓ | ✗ | ✓ |
| **No contracts** | ✓ | ✗ | ✓ |
| **Easy and fair cancellation** | ✓ | ✗ | ✓ |
| **Lifetime equipment warranty \*** | ✓ | ✗ | ✗ |
| **Lifetime rate-lock guarantee \*** | ✓ | ✗ | ✗ |
| **Free upgrades ($5/month) \*** | ✓ | ✗ | ✗ |
| **Average install time** | 27 min | Professional required | 3 hours\*\* |

†Individual systems and features may vary. Cove encourages consumers to conduct their own independent research. \* Standard with Cove Plus Monitoring \*\*According to study by Park Associates

24.     Defendant does not limit the claims presented in this chart to a specific "Other DIY System."  Because SimpliSafe is a market leader in the "DIY" home security sector, reasonable consumers will interpret the third column of this chart to relate at least to SimpliSafe, among other companies.

25.     This chart (and the associated disclosures and disclaimers) convey a number of literally false and/or misleading or unsupported advertising claims, at least as they relate to SimpliSafe.

26.     For instance, Defendant claims that SimpliSafe does not offer "professional grade protection."  In fact, SimpliSafe offers live, 24/7 professional monitoring services that are superior to or commensurate with other "professional grade" home security service providers, including Defendant.

27.     In addition to making false and misleading comparative statements, the chart also contains numerous false and misleading claims about Cove's own products and services.  For example, Defendant claims that it offers both a "low upfront cost" and "no contracts."  In fact, to take advantage of Defendant's zero dollar equipment offering, consumers must commit to thirty-six months of Cove monitoring at an increased cost.

28.     Moreover, Defendant's claims regarding its "lifetime equipment warranty" *at least* imply that the warranty lasts for the lifetime of the purchaser or the relevant equipment.  In fact, Defendant's "lifetime" warranty only lasts the life of a consumer's Cove Plus Monitoring subscription.

29.     Defendant also claims that SimpliSafe does not offer a warranty that is equally or more protective than Defendant's "lifetime equipment warranty."  In fact, unlike Defendant's so-

called "lifetime" warranty, SimpliSafe's warranty is not tied to subscription life, and restarts if a consumer invokes the warranty during the relevant three-year window.

30.     Defendant also suggests that only Defendant offers "free" upgrades.   In fact, SimpliSafe also offers a variety of free upgrades and free system add-ons to SimpliSafe customers. Upon information and belief, this claim is also literally false.

31.     Defendant likewise claims that it offers "more alarm types, more safeguards, more back-ups, 100% cellular, and more customization" that "simply protect you better" than SimpliSafe.   Upon information and belief, Defendant cannot substantiate these literally false, sweeping comparative claims.

32.     Defendant has also advertised its products as "SimplySafer" and has employed the hashtag #SimplySafer, as depicted below.



33.     Defendant's use of the term "SimplySafer" was plainly intended to evoke SimpliSafe, and expressly conveyed to consumers that Defendant's products and services are safer than SimpliSafe's.  For many of the reasons outlined above, this is yet another literally false claim. Defendant identifies no substantiation to support its false claim that Defendants products and services are safer than SimpliSafe's.

34.     Defendant also claims that "other Do-It-Yourself systems can be disarmed by simply unplugging and removing the batteries," as in the video posted to Facebook on October 18, 2019 and depicted below.



35.     Again, Defendant does not in any way limit this claim to a given "do-it-yourself" competitor.  Again, given SimpliSafe's market position, reasonable consumers will interpret this advertisement to refer to companies including SimpliSafe.

36.     Accordingly, this claim conveys to consumers that the SimpliSafe system can be easily and fully disarmed by unplugging the base system and removing the batteries.  This is not

only false but also disparaging.  In reality, SimpliSafe systems can and do alert SimpliSafe's users and/or the authorities upon this set of events.

37.     In addition to Defendant's extensive dissemination of false and misleading advertisements, Defendant has also engaged in a concerted effort to misappropriate SimpliSafe's commercial identity.

38.     Defendant has gone to great lengths to capitalize on the goodwill and renown of SimpliSafe's federally registered SIMPLISAFE Mark.

39.     For instance, Defendant ran an aggressive search engine optimization and keyword advertising campaign featuring the designation "Simply Safe" and the SIMPLISAFE Mark, as depicted below:



40.     Defendant's use of the term "Simply Safe" or "Simply Safer" in the headline of these advertisements (together in some instances with its use of the SIMPLISAFE Mark in the

visible URL) was unquestionably intended to confuse consumers into believing that Defendant is affiliated with or endorsed by SimpliSafe, when it is not.

41.    This likelihood of confusion was exacerbated by the fact that SimpliSafe and Defendant operate in identical industries and offer identical types of goods and services to identical consumers through identical channels of trade, and by Defendant's other unlawful and deceptive practices described herein.

42.    Defendant's efforts to unfairly compete with SimpliSafe were also on full display in Defendant's copying—sometimes word-for-word—of SimpliSafe's original advertising slogans and other marketing materials.

43.    For instance, Defendant almost exactly copied SimpliSafe's well-known advertising slogan "Stop fear at the front door," as depicted below:



44.     Defendant also copied numerous design features of the SimpliSafe website and various taglines used on the SimpliSafe website:

| SimpliSafe | Cove |
|---|---|
| Want a hand? ×<br><br>We'll help you find the perfect system. First, what are you protecting?<br><br>[ house ] [ apartment ] [ business ] | Want a hand? ×<br><br>We'll help you find the perfect system. First, what are you protecting?<br><br>House     Apartment     Business |
| Try It. Test It. Love It or Return It. | Test it, try it, love it, or send it back for a full refund. |

45.     Defendant's pirating of SimpliSafe's advertising content is not limited to the Cove website or social media campaigns.  As depicted below, Defendant has gone so far as to copy, verbatim, portions of SimpliSafe's customer service emails:



46.     This copying underscores Defendant's determination to unfairly compete with SimpliSafe by blurring the line between SimpliSafe's products, services and features and those of Defendant, and by free-riding on SimpliSafe's marketing resources.

**C.      Defendant's Refusal to Make Meaningful Changes.**

47.     SimpliSafe demanded that Defendant permanently cease its unlawful acts described above including in letters sent on October 23, 2019 and November 11, 2019.

48.     In response to SimpliSafe's demands, Cove made a handful of relatively minor changes to some of the more glaringly inappropriate aspects of its advertising (like curbing use of SimpliSafe's exact trademark in URLs and curbing its use of some of SimpliSafe's identical slogans).  However, Cove refuses to discontinue the false and misleading advertising claims at the heart of this Complaint, including its dissemination of the SimpliSafe comparison landing page described in Paragraphs 20 through 21 above.  Cove continues to link consumers who search at least Google for the term "SimpliSafe" to this webpage through keyword advertisements that invite consumers to compare Cove and SimpliSafe.  Indeed, a Google search for "SimpliSafe" continues to query keyword advertisements that feature the visible URL *https://security.covesmart.com/Compare* and that link consumers directly to the SimpliSafe comparison page(directly accessible at *https://security.covesmart.com/cove-s/?ctid=26040&utm_source=google&utm*).  Cove has also refused to take down the competitor comparison chart described in Paragraphs 23 through 31 above, and the disarming claims described in Paragraphs 34 through 36 above.

49.     Accordingly, Defendant has left SimpliSafe with no option other than to file this action.

50.     As a direct and proximate result of Defendant's unlawful conduct complained of herein, SimpliSafe has suffered and will continue to suffer irreparable injury to its goodwill and business reputation and to the SIMPLISAFE Mark.

51.     Defendant's unlawful conduct is and continues to be knowing, deliberate, and willful.

## FIRST CLAIM FOR RELIEF
### (False Advertising – 15 U.S.C. § 1125(a))

52.     SimpliSafe incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

53.     Defendant advertises, markets, offers to sell, and sells its products and services in interstate commerce.

54.     Defendant willfully and deliberately made false or misleading descriptions and representations of fact in commercial advertising and promotion that misrepresent the nature, characteristics and qualities of Defendant's goods and services and the goods and services of Defendant's competitors, including SimpliSafe.  The Claims described above and incorporated herein are literally false, either on their face or by necessary implication, or, at a minimum, misleading.

55.     Defendant's false and misleading statements either deceived or had the capacity to deceive a substantial segment of the consuming public.

56.     Defendant's false and misleading statements are material; they are likely to influence the purchasing decisions of reasonable consumers of home security systems.

57.     Defendant's unlawful acts described herein violate Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

58.     SimpliSafe has been and continues to be damaged by Defendant's false advertising, including through direct diversion of sales from SimpliSafe to Defendant and the lessening of the goodwill associated with SimpliSafe and its products and services.

59.     Defendant's actions complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause SimpliSafe to suffer irreparable harm; SimpliSafe has no adequate remedy at law.  SimpliSafe is therefore entitled to and seeks injunctive relief pursuant to 15 U.S.C. § 1116.

60.     SimpliSafe has also sustained damages as a direct and proximate result of Defendant's actions complained of herein in an amount to be proven at trial, including without limitation Defendant's profits and/or gains of any kind resulting from Defendant's unlawful acts.

61.     Defendant's actions complained of herein have been willful, intentional, and made in bad faith.  SimpliSafe is therefore entitled to enhanced and exemplary damages, including treble its actual damages, an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
### (Federal Trademark Infringement – 15 U.S.C. § 1114)

62.     SimpliSafe incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

63.     Defendant, without the consent of SimpliSafe, has made use in interstate commerce of the SIMPLISAFE Mark and trademarks that are confusingly similar to the SIMPLISAFE Mark in connection with the sale, offering for sale, distribution and/or advertising of Defendant's goods and/or services.

64.     Defendant's use of the SIMPLISAFE Mark and trademarks that are confusingly similar to the SIMPLISAFE Mark is likely to cause confusion or to cause mistake or to deceive

consumers into thinking that Defendant and its products and/or services are authorized by, or affiliated, connected or otherwise associated with SimpliSafe and/or its products and/or services.

65.     Defendant's actions complained of herein constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

66.     Defendant's actions complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause SimpliSafe to suffer irreparable harm; SimpliSafe has no adequate remedy at law.  SimpliSafe is therefore entitled to and seeks injunctive relief pursuant to 15 U.S.C. § 1116.

67.     SimpliSafe has also sustained damages as a direct and proximate result of Defendant's actions complained of herein in an amount to be proven at trial, including without limitation Defendant's profits and/or gains of any kind resulting from Defendant's unlawful acts.

68.     Defendant's actions complained of herein have been willful, intentional, and made in bad faith.  SimpliSafe is therefore entitled to enhanced and exemplary damages, including treble its actual damages, an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
### (Federal Unfair Competition and False Designation of Origin – 15 U.S.C. § 1125(a))

69.     SimpliSafe incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

70.     Defendant's actions complained of herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant or its products or services with SimpliSafe or its products or services, or as to the origin, sponsorship, or approval of Defendant's goods or services by SimpliSafe.

71.     Defendant's actions complained of herein constitute false designation of origin and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

72.     Defendant's actions complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause SimpliSafe to suffer irreparable harm; SimpliSafe has no adequate remedy at law.  SimpliSafe is therefore entitled to and seeks injunctive relief pursuant to 15 U.S.C. § 1116.

73.     SimpliSafe has also sustained damages as a direct and proximate result of Defendant's actions complained of herein in an amount to be proven at trial, including without limitation Defendant's profits and/or gains of any kind resulting from Defendant's unlawful acts.

74.     Defendant's actions complained of herein have been willful, intentional, and made in bad faith.  SimpliSafe is therefore entitled to enhanced and exemplary damages, including treble its actual damages, an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**FOURTH CLAIM FOR RELIEF**
**(Common Law Unfair Competition)**

75.     SimpliSafe incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

76.     Defendant's actions complained of herein constitute common law unfair competition.

77.     Defendant's actions complained of herein have been willful, intentional, and made in bad faith.

78.     Defendant's actions complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause SimpliSafe to suffer irreparable harm; SimpliSafe has no adequate remedy at law.  SimpliSafe is therefore entitled to and seeks injunctive relief.

79.     SimpliSafe has also sustained damages as a direct and proximate result of Defendant's actions complained of herein in an amount to be proven at trial, including without limitation Defendant's profits and/or gains of any kind resulting from Defendant's unlawful acts.

**FIFTH CLAIM FOR RELIEF**
**(Deceptive Trade Practices, Utah Code Ann. § 13-11a-1 *et seq.*)**

80.     SimpliSafe incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

81.     Defendant's actions complained of herein constitute deceptive trade practices in violation of the Utah Truth In Advertising Act ("UTAA").  Specifically, Defendant's wide-ranging, unlawful actions complained of herein violate at least Sections 13-11a-3(a) through (e), 3(h), 3(s), and 3(t) of the UTAA.

82.     Pursuant to Utah Code Ann. § 13-11a-4(5), SimpliSafe notified Defendant of these violations in letters dated October 23 and October 30, 2019, and provided Defendant with an opportunity to promulgate a correction notice by the same media as the violating advertisements. As of today's date, Defendant has not promulgated such a correction notice.

83.     Defendant's actions complained of herein have been willful, intentional, and made in bad faith.

84.     Defendant's actions complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause SimpliSafe to suffer irreparable harm; SimpliSafe has no adequate remedy at law.  SimpliSafe is therefore entitled to and seeks injunctive relief.

85.     SimpliSafe has also sustained damages as a direct and proximate result of Defendant's actions complained of herein in an amount to be proven at trial, including without limitation Defendant's profits and/or gains of any kind resulting from Defendant's unlawful acts.

## DEMAND FOR JURY TRIAL

86.     In accordance with Federal Rule of Civil Procedure 38 and Local Rule 38.1, SimpliSafe demands a jury trial of all issues triable to a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, SimpliSafe prays for judgement against Defendant as follows:

A.     adjudging that Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Section 32 of the Lanham Act, 15 U.S.C. §1114, Utah Code Ann. § 13-11a-1 *et seq.*, and has engaged in common law unfair competition.

B.     preliminarily and permanently enjoining Defendant, its successors, agents and employees, and anyone acting in active concert or participation with or at the behest or direction of any of them, from

    i.     disseminating or causing the dissemination of the false and misleading Claims alleged herein, together with any other false, misleading, or unsubstantiated advertising claims; and

    ii.    using the SIMPLISAFE Mark or any trademark that is confusingly similar to the SIMPLISAFE Mark, including without limitation "SimplySafe," "Simply Safe," "SimplySafer," and "Simply Safer," and "#SimplySafer" in any and all mediums;

C.      ordering Defendant to file with the Court and serve on SimpliSafe's counsel within 30 days after service of any injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

D.      ordering Defendant to remove and/or permanently disable and/or destroy all Internet websites, domain names, social media posts, keyword advertisements, other online marketing or promotions, and all other materials bearing or displaying the SIMPLISAFE Mark or any trademark that is confusingly similar to the SIMPLISAFE Mark, including without limitation "SimplySafe," "Simply Safe," "SimplySafer," and "Simply Safer," and "#SimplySafer";

E.      ordering Defendant to promulgate corrective advertising by the same media and with the same distribution and frequency as the advertising found to violate the UTAA;

F.      declaring that Defendant's false advertising, trademark infringement, unfair competition and other unfair and deceptive acts were knowing, intentional, and willful;

G.      awarding SimpliSafe compensation for any and all damages, injury or harm incurred as a result of Defendant's unlawful conduct, including without limitation full restitution and/or disgorgement of all profits and benefits that may have been obtained by Defendant as a result of its wrongful conduct;

H.      in the alternative to actual damages, awarding SimpliSafe statutory damages under Utah Code Ann. § 13-11a-4;

I.      declaring that this is an exceptional case under 15 U.S.C. § 1117;

J.      awarding SimpliSafe treble damages resulting from Defendant's willful and intentional conduct under at least 15 U.S.C. § 1117;

K.      awarding SimpliSafe punitive and exemplary damages under at least 15 U.S.C. § 1117;

L.      assessing SimpliSafe's costs of this action and SimpliSafe's attorneys' fees against Defendant under 15 U.S.C. § 1117 and Utah Code Ann. § 13-11a-4;

M.      awarding SimpliSafe pre-judgment and post-judgment interest on each and every monetary award; and

N.      ordering or awarding any other such relief the Court deems just and proper.

November 15, 2019                                        Respectfully submitted,

                                                        MORGAN, LEWIS & BOCKIUS LLP

                                                        */s/ Amy M. Dudash*
                                                        Amy M. Dudash, Bar No. 5741
                                                        amy.dudash@morganlewis.com
                                                        The Nemours Building
                                                        1007 North Orange Street, Suite 501
                                                        Wilmington, DE  19801
                                                        Telephone: +1.302.574.3000
                                                        Facsimile:+1.302.574.3001

                                                        *Attorney for Plaintiff*
                                                        *SIMPLISAFE, INC.*

Joshua M. Dalton (*pro hac vice* forthcoming)
josh.dalton@morganlewis.com
One Federal Street
Boston, MA 02110-1726
Telephone: +1.617.341.7700
Facsimile: +1.617.341.7701

Kathryn A. Feiereisel (*pro hac vice* forthcoming)
katie.feiereisel@morganlewis.com
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
Telephone: +1.312.324.1000
Facsimile: +1.312.324.1001

*Attorneys for Plaintiff*
*SIMPLISAFE, INC.*